IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OTIL HILL, JR., | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-265 (MTT) |
| Deputy Warden ERIC MARTIN, et al., | ) ) ) |
| **Defendants.** | ) ) |

# ORDER

Plaintiff Otis Hill's counsel moves for reconsideration of the Court's order denying her motion to withdraw (Doc. 51 at 2).  Doc. 53.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate [her] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

The Court is confident reconsideration of its prior order is not warranted.  Hill's counsel has not taken one deposition and dispositive motions have not been filed.  Doc.

52 at 7:20-24.  Yet, Hill and his family have paid Hill's counsel a substantial amount thus far—about $55,000.  *Id*. at 6:14-17.  That fee is more than enough to allow Hill's counsel to follow this case through until its resolution.  And Hill's counsel accepted and filed this case knowing the Court's local rules require plaintiff's counsel to "remain with the case until its conclusion."  M.D. Ga. L.R. 83.1.4.

Moreover, Hill's counsel—without citing any authority or providing any argument—asks the Court to certify a "question for interlocutory appeal."  Doc. 53 at 5.  To the extent that Hill's counsel seeks a ruling that an interlocutory appeal is appropriate pursuant to 28 U.S.C. § 1292(b), the Court does not find that its order denying her motion to withdraw "involves a controlling question of law as to which there is substantial ground for difference of opinion."

Accordingly, Hill's counsel's motion for reconsideration (Doc. 53) is **DENIED**.

**SO ORDERED**, this 3rd day of January, 2024.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT